**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DANIEL ALBERTO OLIVARES
FERRER (A No. 240-041-290),

               Petitioner,

v.

VITELLO, et al.,

               Respondents.

Case No. 1:26-cv-02970-JLT-HBK

ORDER GRANTING THE PETITION FOR
WRIT OF HABEAS CORPUS; DENYING
THE MOTION FOR TEMPORARY
RESTRAINING ORDER AS MOOT;
ORDERING PETITIONER'S IMMEDIATE
RELEASE; AND DIRECTING THE CLERK
OF COURT TO CLOSE THIS CASE

(Docs. 1, 2.)

## I.    INTRODUCTION

Before the Court is Daniel Alberto Olivares Ferrer's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), a legal position that this Court has rejected repeatedly. (*See* Doc. 6.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

---

[1]  When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 5.) Respondents did not request a hearing or further briefing and instead request this Court "deny the petition for writ of habeas corpus," (Doc. 6 at 2),

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 2–3; Doc. 2 at 1–2.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III.   BACKGROUND

Petitioner is an asylum seeker from Venezuela who indicates that he has an asylum application pending with the immigration court since 2022.[2] (*See* Doc. 1 at 1.) The record suggests that Petitioner was encountered at the border and released on his own recognizance.[3]

---

thereby requesting a decision on the underlying merits. Considering this and given that Respondents had notice and opportunity to respond, (*see* Doc. 6), the Court decides this case on the underlying habeas petition.

[2] Though neither Petitioner nor Respondents specify when exactly Petitioner entered the United States, upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's docket was opened July 27, 2022, and that his immigration case is currently pending. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited April 29, 2026). This suggests that Petitioner's immigration proceedings began on or around 2022.

[3] Despite this Court ordering Respondents to "provide . . . copies of referenced/relevant portions of Petitioner's A-File and other supporting documents" (Doc. 5), Respondents only indicate "Petitioner's

Petitioner indicates that he "has no criminal history . . . and has complied with all prior immigration requirements." (Doc. 1 at 2.) Respondents offer no evidence or argument to the contrary. (*See* Doc. 6.) Nor is there any indication in the record that Petitioner now poses a flight risk or danger to the community. (*See* Doc. 1 at 2, 5; Doc. 6.) On April 4, 2026, ICE arrested the Petitioner and placed him in detention at California City Immigration Processing Center, where he currently remains. (Doc. 1 at 1.)

## IV.    DISCUSSION

The government filed an opposition to the petition and motion for temporary restraining order, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See* Doc. 6.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. For the foregoing reasons, the Court **ORDERS:**

1.    The petition for writ of habeas corpus, (Doc. 1), is **GRANTED** for the reasons stated in the orders cited above. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

---

prior release in the discretion of DHS does not have the effect of having converted [P]etitioner's presence in the United States into an 'admission.'" (Doc. 6 at 2.) This suggests that Petitioner was encountered at the border and released on his own recognizance. (*See id*.)

2. The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.

3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[4];

3. The Clerk of Court is directed to serve the California City Immigration Processing Center in California with a copy of this Order.

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 29, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

4